UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| ROBERT M. KINNEY, in his capacity as Personal Representative of Jeffrey McKinney, et al., <br>      Plaintiffs <br><br> v. <br><br><br> LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, et al., <br>      Defendants | CIVIL NO. 5:12-360-KKC <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \*

Defendants Jason Lewis and Benjamin McIntosh move the Court to dismiss Plaintiffs' claims against them without prejudice for insufficiency of service of process. (DE 30). Plaintiffs' failure to serve properly is not in dispute; instead, the question is what action the Court should take in response. For the reasons stated below, the Court will deny the motion to dismiss and exercise its discretion to extend the time for service.

**I. Background**

This lawsuit arises from the May 22, 2012 death of Jeffrey McKinney at the Fayette County Detention Center, where he was serving a fourteen-day sentence for driving under the influence. Plaintiffs are his father, who is the administrator of his estate, and his two former wives, who are the next friends of his minor children. Plaintiffs originally filed this lawsuit against the Lexington-Fayette Urban County Government, the Lexington-Fayette Urban County Government Division of Community Corrections, and several individual defendants in Fayette Circuit Court on November 13, 2012. Plaintiffs named Lewis and McIntosh individually as

defendants based on detention center records related to McKinney's death. These records identified Lewis and McIntosh as two of the correctional officers involved in the incident.

On December 4, 2012, a Notice of Removal was filed with this Court. (DE 1). It stated that most defendants had been served but specifically noted that the Summons and Complaint for Lewis was returned unserved on November 27, 2012, and the Summons and Complaint for McIntosh was returned unserved on November 21, 2012. (*Id.* at 3). On December 5, 2012, an Answer was filed on behalf of Lewis, McIntosh, and several other defendants. (DE 5). The Answer denied the allegations and asserted, *inter alia*, the defenses of insufficiency of process and insufficiency of service of process. (DE 5 at 7). Plaintiffs submitted new summonses for Lewis and McIntosh on June 17, 2013. (DE 31). Lewis was served on July 7, 2013 (DE 39), but McIntosh has not been served to date.

## II. Analysis

Under the Federal Rules of Civil Procedure, an action may be dismissed if service of process is not completed in a timely manner. With respect to the time allotted for service, Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 4(m), therefore, directs the Court to undertake a two-step analysis. First, the Court must determine whether Plaintiffs have shown good cause for the failure to effect service. If they have, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if Plaintiffs have not shown good cause, the Court must either (1) dismiss the

action without prejudice or (2) direct that service be effected within a specified time. *Henderson v. United States,* 517 U.S. 654, 662 (1996); *Cory v. Holder,* No. 5:11-cv-62-JMH, 2012 WL 162609, at *1 (E.D. Ky. Jan. 19, 2012); *Osborne v. First Union Nat. Bank of Del.*, 217 F.R.D. 405, 407 (S.D. Ohio 2003). Establishing good cause is the responsibility of the party opposing the motion to dismiss, and "necessitates a demonstration of why service was not made within the time constraints." *Habib v. GMC,* 15 F.3d 72, 73 (6th Cir. 1994). *See Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 521 (6th Cir. 2006).

The Court cannot find good cause here. For cause, Plaintiffs note the scarcity of information related to Lewis and McIntosh at the time of the filing of the Complaint. Plaintiffs state that their initial attempt at service relied on the only information available to them, the employment of Lewis and McIntosh at the Fayette County Detention Center. This attempt failed because neither still worked at the detention center. (DE 38-1, Civil Summons-Proof of Service Forms at 2). Plaintiffs, however, did not request any additional information through the discovery process until April 3, 2013, exactly 120 days after removal on December 4, 2012. In response, Plaintiffs received the personnel files of Lewis and McIntosh. These files included their full names, social security numbers, and their last known residential addresses. Plaintiffs, however, did not request new summonses for Lewis and McIntosh until after the filing of the motion to dismiss. These facts do not create the extraordinary circumstances that normally warrant a finding of good cause. *See e.g., Habib,* 15 F.3d at 73 (finding "good cause" where a seriously ill, *pro se* plaintiff made a good faith yet ultimately flawed effort to perfect service); *Byrd v. Stone,* 94 F.3d 217, 220 (6th Cir. 1996) (a plaintiff proceeding *in forma pauperis* failed to perfect service due to errors made by the court clerk and United States Marshals assigned to the task).

Instead, the Sixth Circuit has refused to find "good cause" based on similar vague claims of hardship or unexpected difficulties in perfecting service. *See e.g., Nafziger,* 467 F.3d at 521-22 ("personal matters involving the welfare of counsel's young children," coupled with a lack of assistance from co-counsel, did not constitute "good cause"). Moreover, "counsel's inadvertent failure or halfhearted efforts to serve a defendant within the statutory period does not constitute good cause." *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991) (citations omitted).

Having found no good cause shown, the Court must still determine if it should exercise its discretion to expand the time for service.[1] *Stewart v. Tenn. Valley Auth.,* 238 F.3d 424, 2000 WL 1785749, at * 1 (6th Cir. Nov. 21, 2000) (unpublished table decision) (citing *Henderson*, 517 U.S. at 662). Courts in this Circuit have outlined several factors to consider in this decision, specifically:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Kirk v. Muskingum Cnty. Ohio*, No. 2:09-CV-00583, 2011 WL 1480136 at *5 (S.D. Ohio Apr. 19, 2011). First, there is no reason, at this point, to question Plaintiffs' ability promptly to effectuate service now. Lewis has been served, and an attempt has been made to serve McIntosh. The second and third factors weigh in Plaintiffs' favor as well. Lewis now has actual

---

[1] As Lewis and McIntosh note, there is other authority for the proposition that, absent a showing of good cause for failure to complete service, the rule mandates that the case be dismissed. *See Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir. 1992). This line of authority, however, relies on a pre-1993 wording of Rule 4. As cited above, there is also authority within this Circuit for the proposition that dismissal is not mandatory in the absence of good cause. This authority relies on the current Rule 4(m). *See Turner v. Kentucky Transp. Cabinet*, No. 3:10-39-DCR, 2010 WL 5014516, at *3 (E.D. Ky. Dec. 3, 2010) (collecting cases). The Sixth Circuit has not directly addressed this issue in a reported decision. This Court agrees with the majority of courts that have found the clear language of Rule 4(m) permits discretion.

4

notice of the lawsuit, and even before that, an attorney has been litigating this case on behalf of him, McIntosh, and other similarly-situated correctional officers. Beyond the additional passage of time since the Complaint was filed, the Court finds no additional prejudice to Lewis and McIntosh, and they have not pointed to any prejudice in their motion to dismiss. Dismissal without prejudice, however, may result in some of Plaintiffs' claims becoming time-barred. Finally, while Plaintiffs did make an initial, good-faith attempt at serving Lewis and McIntosh, they failed to do much more during the time allotted under Rule 4(m). This failure appears to be mere neglect, not a tactical scheme. Thus, overall, the relevant factors weigh in favor of allowing Plaintiffs a brief extension of time to effectuate service. No further extensions will be granted without a showing of good cause.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Defendants' Motion to Dismiss (DE 30) is DENIED; and

(2) Plaintiffs will have forty-five (45) days from the entry of this Order to effectuate service of Plaintiffs' Complaint on Jason Lewis and Benjamin McIntosh.

This 1st of August, 2013.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge